ROBERTSON, Justice:
Pearl Jones, complainant in the Chancery Court of Leake County and Appellant in this Court, filed his “Bill for Partition for Sale of Land” against his brother, Earl Jones, and others who were heirs-at-law of Lillian Dora Jones, a deceased sister.
Appellant, Pearl Jones, stated that he owned a %oths interest in the Leake County lands to be partited, which interest he acquired in this manner: an undivided Jioth interest by inheritance from Lillian Dora Jones, and an undivided %oths interest by warranty deed to him from Myrtle Jones, a sister, executed by her on December 11, 1968. This warranty deed was not filed for record until December 8, 1969, after the death of Myrtle Jones. The defendants filed an answer and cross-bill, setting up that the signature on the deed was not that of Myrtle Jones; that she was not mentally competent to execute a deed on December 11, 1968; that the warranty deed was fraudulent, was a product of undue influence on the part of Pearl Jones, was without a valuable consideration of any kind, and that the deed, being wholly void, should be canceled of record and set aside for naught.
After a full trial, the chancellor signed a decree reciting:
“The Court finds that Myrtle Jones was competent at the time of her execution of the instrument dated December 11, 1968, which purports to be a deed to all of her interest in said land to Pearl Jones, recorded in Land Deed Book 115, Page 226, Leake County, Mississippi, but the Court further finds that it was the intention of the parties to said instrument for same to be testamentary in character, and that it is not a good and valid deed or conveyance of land, neither conveying an estate in praesenti, nor *487 meeting the formal requirements for the execution of a will, and that it does not operate to convey any interest in the said lands described therein to the complainant, Pearl Jones, and that it should be cancelled of record.”
Although there is considerable testimony in the record tending to show the existence of a confidential or fiduciary relationship between Pearl Jones and his sister, Myrtle Jones, the chancellor made no finding that such a relationship did exist. If such a relationship did exist, the warranty deed from Myrtle Jones to Pearl Jones would have been presumptively fraudulent and void.
We again stated this well-established principle of law in Croft v. Alder, 237 Miss. 713, 115 So.2d 683 (1959), in this way:
“[WJhere a confidential relation exists between a testator and a beneficiary under his will, and the beneficiary has been actively concerned in some way with the preparation or execution of it, the law raises a presumption that the beneficiary has exercised undue influence over the testator, and casts upon the beneficiary the burden of disproving undue influence by clear and convincing evidence.” 237 Miss. at 722-723, 115 So.2d at 686.
In Croft, we quoted with approval from Ham v. Ham, 146 Miss. 161, 110 So. 583 (1926):
“When such a relation exists, and the parties thereto — ‘consciously and intentionally deal and negotiate with each other, each knowingly taking a part in the transaction, and there results from their dealing some conveyance or contract or gift, * * * the principle literally and directly applies. The transaction is not necessarily voidable, it may be valid, but a presumption of its invalidity arises which can only be overcome, if at all, by clear evidence of good faith, of full knowledge, and of independent consent and action2 Pomeroy Equity Jurisprudence (4th Ed.) § 957.
“The burden of overcoming this presumption is on the party claiming under the conveyance, contract, or gift. Meek v. Perry, 36 Miss. 190; Hitt v. Terry, 92 Miss. [671] 710, 46 So. 829.” 146 Miss. at 173, 110 So. at 584-585. (Emphasis added).
The testimony does not bear out the finding of the chancellor that it was the intention of the parties that the deed be testamentary in character and that it did not operate to convey any interest in the lands described therein. The deed on its face was a good deed, was executed by Myrtle Jones, and was delivered on December 11, 1968, to Pearl Jones. If a fiduciary relationship did not exist with its presumption of undue influence, then the warranty deed was good between the parties.
The judgment of the Chancery Court is reversed and the cause remanded for a finding by the Chancellor of the existence vel non of a fiduciary relationship, with its concomitant presumption of undue influence and the invalidity of the warranty deed.
Reversed and remanded.
ETHRIDGE, C. J., and BRADY, IN-ZER and HARPER, JJ., concur.